UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NICHOLAS KROCHMAL, JR.,                                    Case No. 6:23-cv-00290-AA

        Petitioner,                                    OPINION AND ORDER

    v.

COREY FHUERE,

        Respondent.

_____

AIKEN, District Judge.

        Petitioner brings this habeas action pursuant to 28 U.S.C. § 2254 and challenges his state court conviction for murder on grounds that his trial attorney provided ineffective assistance in several respects, his guilty plea was unknowing and involuntary, and the State breached the terms of his plea agreement. The Oregon courts rejected three of Petitioner's claims in a decision that is entitled to deference and Petitioner's remaining four claims are procedurally defaulted and barred from federal review. Accordingly, the Petition is DENIED.

BACKGROUND

Petitioner was charged by indictment with one count of Murder and four counts of Aggravated Theft arising from the murder of Petitioner's father on March 26, 2015. Resp't Ex. 102. The underlying facts of the murder are set forth in the record, and the details are not repeated here. *See, e.g.,* Resp't Ex. 128. Briefly, Petitioner bludgeoned his father to death after Petitioner was confronted about stealing funds from his father's bank accounts. Resp't Ex. 106 at 3-6. The murder occurred at the home of Petitioner's sister, and she subsequently discovered their father with his legs bound and his body covered with plastic. Resp't Ex. 106 at 5-6. The next day, Petitioner turned himself into the police.

Eventually, Petitioner and the State participated in a judicial settlement conference and entered into a plea agreement that resolved the charges against Petitioner. Under the plea agreement, Petitioner agreed to plead guilty to one count of Murder and the State agreed to dismiss the four counts of Aggravated Theft. Resp't Exs. 104-05. At the time, the State had contemplated pursuing an indictment for Aggravated Murder. *See* Resp't Exs. 106 at 2.

The trial court sentenced Petitioner to the parties' stipulated term of life imprisonment with the possibility of parole after twenty-five years, and, at Petitioner's request, imposed a stipulated restitution amount of $242,540.12 to be paid to his father's estate.

Petitioner did not directly appeal his conviction or sentence. On July 27, 2017, Petitioner filed a petition for post-conviction relief (PCR) on grounds of ineffective assistance of counsel and an involuntary and unknowing plea. Resp't Exs. 107-08. The PCR court denied relief on all claims, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 168, 175-76.

On February 24, 2023, Petitioner sought federal habeas relief in this action.

DISCUSSION

Petitioner asserts seven grounds for relief in his Amended Petition. Respondent argues that Grounds One, Two, Six, and Seven are procedurally defaulted because Petitioner did not fairly present them to the Oregon courts. Respondent further argues that the PCR court rejected Grounds Three, Four, and Five in a decision that was reasonable and entitled to deference.

A.  Procedural Default – Grounds One, Two, Six, and Seven

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). To meet the exhaustion requirement, a petitioner must present all federal constitutional claims to the State's highest court before seeking federal habeas relief. *Id.*; *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schiro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (internal citations omitted).

If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). A federal court may consider unexhausted and procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if

the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451(2000); *Coleman*, 501 U.S. at 750.

In Ground One, Petitioner contends that his counsel provided ineffective assistance by failing to advise Petitioner that the State could not prove that Petitioner possessed the legal intent to commit murder due to medication Petitioner was taking at the time. In Ground Two, Petitioner alleges that counsel was ineffective by failing to obtain records reflecting that his sister had access to trazodone, that Petitioner exhibited signs of overmedicating prior to his father's murder, and that Petitioner had a character and reputation for peacefulness. In Ground Six, Petitioner asserts that counsel was ineffective for failing to advise Petitioner about the restitution obligation to his father's estate and the money judgment entered against him. Finally, in Ground Seven, Petitioner alleges that the State breached a "material term" of his plea agreement. *See* Am. Pet. at 6-35.

Plaintiff raised Grounds One and Two in his PCR petition, and the PCR court denied relief on these grounds. Resp't Exs. 108 at 5; 168 at 3-4. Petitioner did not challenge the PCR court's denial of Grounds One and Two on appeal, and as a result, he did not fairly present Grounds One and Two to Oregon's highest court. *See* Resp't Ex. 169. Petitioner can no longer exhaust these claims and they are procedural defaulted.

Although Petitioner raised the basis of Ground Six on PCR appeal, he contends that "Ground Six includes facts not brought to the attention of the post-conviction court but contained in the record." Am. Pet. at 35.[1] However, if the facts supporting Ground Six were not fairly presented to the Oregon courts, the claim is unexhausted and procedurally defaulted. *See*

---

[1] Ground Six is identical to Ground Three – that Petitioner's counsel was ineffective for failing to advise Petitioner that the plea did not foreclose civil suits against him or prevent the collection of restitution until Petitioner's release from custody. Petitioner concedes that Ground Six mirrors Ground Three. Am. Pet. at 35.

*Baldwin*, 541 U.S. at 29 (explaining that a petitioner must also fairly present the factual basis of a claim to meet the exhaustion requirement). Petitioner also concedes that he did not fairly present Ground Seven during his PCR proceeding and it, too, is unexhausted and procedurally defaulted. Am. Pet. at 35.

Petitioner did not file a supporting brief and fails to show cause and prejudice to excuse the default of these claims. Accordingly, Grounds One, Two, Six, and Seven are barred from federal review.

    B.  Deference to State Court Decisions – Grounds Three, Fourt, and Five

Pursuant to 28 U.S.C. § 2254(d), this Court may not grant a petition for a writ of habeas corpus filed by a state prisoner with respect to any claim that was adjudicated on the merits in state court, unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2).

A state court decision is "contrary to" clearly established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Thus, "even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001).

In Grounds Three and Four, Petitioner asserts that counsel provided ineffective assistance by failing to advise Petitioner that: 1) the plea agreement did not prevent his father's estate from bring civil claims against him; 2) the money judgment against Petitioner could be collected during his incarceration; and 3) Oregon law did not allow restitution to be paid to an estate.

The PCR court rejected these claims:

> Petitioner has also failed to prove that he was advised that the restitution judgment could not be collected until after his release from prison. The credible testimony of both trial counsel and the prosecutor was to the contrary. Neither the plea agreement nor the dialog at plea or sentencing makes any mention of a delay in collection of the judgment for restitution.

> … Petitioner has also failed to prove that he was told that the plea petition resolved all issues related to his father's estate. It was made plain during the plea and sentencing hearings that the language to this effect in the plea agreement only applied to any possible criminal prosecutions. Counsel had discussed this issue with Petitioner and Petitioner was aware that the plea agreement would not address any civil litigation that he might face.

> ***

> Petitioner did not prove that his trial attorney failed to exercise reasonable professional skill and judgment in failing to inform him that the law did not allow the court to impose restitution for his father's estate. Petitioner chose and specifically requested to stipulate to pay restitution which was greater than the amounts alleged in the charges. He wanted to forestall further criminal charges, to make his family whole, forestall a civil suit and to present a positive picture to the parole board after he had served 25 years in prison...Petitioner specifically requested that the amount of restitution be imposed and his attorney properly represented him in that respect. For the same reason, Petitioner has not proven prejudice.

Resp't Ex. 168 at 4-5. Respondent maintains that the PCR court's decision is supported by the record and entitled to deference.

Under the well-established Supreme Court precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner alleging the ineffective assistance of counsel must show that "counsel's performance was deficient" and the "deficient performance prejudiced the defense." 466 U.S. at 687. To establish deficiency and prejudice, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. Unless a petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Judicial review of an attorney's performance under *Strickland* is "highly deferential" and must afford counsel "wide latitude…in making tactical decisions." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Further, a "doubly deferential" standard applies when "a federal court reviews a state court's *Strickland* determination." *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). On federal habeas review, the state court "must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Richter*, 562 U.S. at 101.

The PCR court reasonably found that counsel's performance was not deficient and that Petitioner suffered no prejudice. First, the terms of the plea agreement did not address or

foreclose civil claims brought against Petitioner by his father's estate, and the prosecutor clarified this point during Petitioner's sentencing proceeding:

> I want to put another thing on the record and that is that the plea petitions are accurate. They do, however, mention that this resolution, this guilty plea resolves all matters related to the Estate of Nick Krochmal and it is correct that they resolve all criminal matters relating to the death of Mr. Krochmal and to his murder and to all the charges that the defendant could have been facing. It is not correct that…we're criminal prosecutors and we're not here today to…foreclose any civil action or tie the hands of any…anyone in regards to the civil estate down the road, so I want to put that on the record.

Resp't Ex. 106 at 3. Petitioner's counsel also averred that Petitioner "evidenced a full understanding of the fact that nothing in the criminal case foreclosed civil actions" and that he and Petitioner "thoroughly discussed the fact that paying, in the form of criminal restitution, the entire civil sum that the estate planned to pursue did not render him *immune* from a civil suit." Resp't Ex. 130 at 2-3.

Second, the plea petition places no limitation on the timing of Petitioner's restitution payments, and neither party mentioned the timing of restitution payments during Petitioner's change of plea or sentencing. *See* Resp't Exs. 104-06. Petitioner's counsel also indicated that Petitioner was never told that the financial judgment "would not be 'collectible' until after his release from prison." Resp't Ex. 130 at 2.

Finally, the record makes clear that Petitioner agreed to pay restitution to his father's estate with the intent to prevent or defend a civil action against him. Resp't Exs. 104, 106; *see also* Resp't Ex. 130 at 3 ("Petitioner wanted to have the facts which were documented by the estate attorney resolved, to the extent possible, as a part of the criminal case, with the hope that he would use the repayment portion of his criminal judgment as a defense against any lawsuit by the estate."). At the sentencing hearing, Petitioner's counsel reiterated that Petitioner voluntarily agreed to pay restitution:

8 - OPINION AND ORDER

> So to address the issue of Nick Krochmal's estate, so I just want to be clear,…
> that the language we put in the plea agreement was to respect the request for the
> funds that were asked for by Erin Olson, who is representing the family, not in the
> criminal matter, but she's been involved in communicating with the State and so
> forth. So the amount that we're agreeing to is what she was asking for on behalf
> of the family, $242,540.12, which we believe, according to her, I mean, is the
> kind of full amount of restitution that is owed in this matter. And it exceeds the
> amount that was in the charged counts of theft in this case, so we're agreeing to
> that, stipulating to that amount.

Resp't Ex. 106 at 10. Petitioner presents no case law which holds that a criminal court cannot

order restitution to individuals or entities harmed by the defendant's conduct when the defendant

has agreed to pay restitution to the victim's estate.

Given this evidence of record, the PCR court did not unreasonably apply *Strickland* when

it rejected Grounds Three and Four.

Finally, in Ground Five, Petitioner claims that his plea was not knowing or voluntary

because counsel did not provide accurate advice regarding his financial obligations to his father's

estate and the State's ability to seek restitution. The PCR court also rejected this claim:

> Petitioner has not proven that his trial attorney errored or that there is a reasonable
> probability that he would have proceeded to trial but for those errors. In the
> present case, there is no credible evidence to support a finding that petitioner
> would have either received a better plea deal or gone to trial. By pleading guilty
> he avoided a longer possible sentence for Aggravated Murder and spared his
> family the trauma of going through trial.
>
> ***
>
> Petitioner has failed to prove that his plea was involuntary….As the record shows,
> petitioner...was also properly advised of the evidence available and the sentence
> for the charge to which he was pleading.

Resp't Ex. 168 at 6.

As explained above, the PCR court reasonably found that Petitioner's counsel was not

deficient and provided accurate advice, and Petitioner cannot show that counsel's performance

rendered his plea unknowing and involuntary. *Khatkarh v. Becerra*, 442 F. Supp. 3d 1277, 1294

(E.D. Cal. 2020) ("A guilty plea based on an attorney's advice may be involuntary if the attorney rendered ineffective assistance.").

CONCLUSION

The Amended Petition for Writ of Habeas Corpus (ECF No. 27) is DENIED. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  5th  day of November, 2024.


_____<br>/s/Ann Aiken<br>ANN AIKEN<br>United States District Judge

10 - OPINION AND ORDER